NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000382**
**28-MAR-2013**
**09:37 AM**

NO. CAAP-12-0000382

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TICOR TITLE INSURANCE COMPANY,
a California corporation, now known as
CHICAGO TITLE INSURANCE COMPANY,
a Nebraska corporation,
Plaintiff-Appellee,
v.
BRUCE K.H. MAU, TRUSTEE UNDER THAT CERTAIN
UNRECORDED REVOCABLE TRUST OF BRUCE K.H. MAU
DATED FEBRUARY 21, 2007,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 10-1-0720(3))

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Defendant-Appellant Bruce K.H. Mau (Mau) appeals from
the March 2, 2012 final judgment entered in the Circuit Court of
the Second Circuit[1] (circuit court) and certified pursuant to
Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b). The circuit
court granted partial summary judgment in favor of Plaintiff-

---

[1] The Honorable Joseph E. Cardoza presided.

Appellee Ticor Title Insurance Company, now known as Chicago Title Insurance Company (Chicago Title).

## I.    BACKGROUND

This appeal arises out of a real estate dispute concerning three purportedly separate lots (collectively, Properties).  Mau purchased the Properties in February 2007.  In September and November 2007, Mau sold each lot to three different grantees (Grantees) via warranty deeds.  Chicago Title issued separate title insurance policies for each of the three conveyances from Mau to the Grantees.

On May 12, 2009, the County of Maui (County) informed one of the Grantees that the lots were not legally subdivided, and the County did not recognize the lots as separate lots.  Chicago Title paid the Grantees after claims were made against the policies covering each of the lots, and the Grantees assigned to Chicago Title their rights, title, and interests in any and all claims related to their respective lots.

On November 16, 2010, Chicago Title filed a complaint against Mau asserting claims for (1) breach of covenants, (2) rescission, (3) breach of contract, and (4) negligent misrepresentation/nondisclosure.  The complaint requested a judgment ordering rescission of the warranty deeds and directing Mau to return to Chicago Title the purchase amount of the Properties.  Chicago Title also requested attorney's fees, costs, and interest.

On July 1, 2011, Chicago Title filed a motion for partial summary judgment as to the first and second counts of the complaint (MSJ).  Mau did not dispute that the Properties were not legally subdivided when he sold the lots to Grantees.  Consequently, Mau opposed the MSJ on the issue of damages only and argued, inter alia, that there was a genuine material issue

2

regarding whether Chicago Title had failed to mitigate its damages.

The circuit court held a hearing on the MSJ on August 10, 2011 and entered an order granting the MSJ on December 5, 2011. On December 12, 2011, Chicago Title filed a motion for HRCP Rule 54(b) certification of the December 5, 2011 order granting the MSJ. Chicago Title also filed a motion for attorney's fees, costs, and prejudgment interest under Hawaii Revised Statutes (HRS) §§ 607-14 (Supp. 2012) and 636-16 (1993 Repl.). The circuit court granted the two motions at a hearing on January 18, 2012. On March 2, 2012, the court entered its orders granting the motions and entered the final judgment in favor of Chicago Title as to the first and second counts of Chicago Title's complaint.

Mau filed an HRCP Rule 59(e) motion for reconsideration of the circuit court's order granting the MSJ and its award of attorney's fees, costs, and prejudgment interest (Motion for Reconsideration) on February 13, 2012. On March 9, 2012, the circuit court held a hearing on the Motion for Reconsideration and entered its order denying the Motion for Reconsideration on March 23, 2012. Mau filed a timely notice of appeal on April 12, 2012.

On appeal, Mau contends the circuit court erred when it granted the MSJ; granted the motion for attorney's fees, costs, and prejudgment interest; and denied the Motion for Reconsideration.

## II. STANDARDS OF REVIEW

A.      Summary Judgment

The Hawai'i Supreme Court has stated that an appellate court

3

> reviews the circuit court's grant of summary judgment de novo. *Price v. AIG Hawai'i Ins. Co.*, 107 Hawai'i 106, 110, 111 P.3d 1, 5 (2005). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." HRCP Rule 56(c).

Gillan v. Gov't Employees Ins. Co., 119 Hawai'i 109, 114, 194 P.3d 1071, 1076 (2008).

B.        Motion for Reconsideration

> The trial court's ruling on a motion for reconsideration is reviewed under the abuse of discretion standard. *Cho v. State*, 115 Hawai'i 373, 381, 168 P.3d 17, 25 (2007). Moreover,
>
>> [a]s [the Hawai'i Supreme Court] has often stated, "the purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.
>
> *Sousaris v. Miller*, 92 Hawai'i 505, 513, 993 P.2d 539, 547 (2000) (original brackets and citations omitted).

Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008).

C.        Award of Attorney's Fees and Costs

> [The appellate] court reviews the denial and granting of attorney's fees under the abuse of discretion standard. The same standard applies to [the appellate] court's review of the amount of a trial court's award of attorney's fees. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of State of Hawai'i, 106 Hawai'i 416, 431, 106 P.3d 339, 354 (2005) (internal quotation marks, citations, brackets in original, and ellipses omitted) (quoting Chun v. Bd. of Trs. of Employees' Ret. Sys. of State of Hawai'i, 92 Hawai'i 432, 439, 992 P.2d 127, 134 (2000)).

D.        Award of Prejudgment Interest

> Prejudgment interest, where appropriate, is awardable under HRS [Hawaii Revised Statutes] § 636-16 in the discretion of the court.  Generally, to constitute an abuse of discretion it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Schmidt v. Bd. of Dirs. of the Ass'n of Apartment Owners of the Marco Polo Apartments, 73 Haw. 526, 533, 836 P.2d 479, 483 (1992) (citations omitted).

## III.   DISCUSSION

A.        The Circuit Court's Grant of the MSJ

Mau's sole argument on appeal regarding the circuit court's grant of the MSJ is that Chicago Title failed to mitigate its damages and thus is not entitled to the monetary judgment it received.  Mau argues Chicago Title could have reduced its damages by participating in a joint sale of the lots.  Mau's Properties are part of a larger parcel of land along with six other purported lots that are also not legally subdivided and are not recognized by the County.  Mau proposed that Chicago Title and the other lot owners jointly list all nine lots for sale as a single parcel.  Mau contended the other option, a partition by sale, was inferior because it tends to result in a lower price than a joint private sale.

Although plaintiffs generally have a duty to make reasonable efforts to mitigate damages, Malani v. Clapp, 56 Haw. 507, 517, 542 P.2d 1265, 1271 (1975), the mitigation doctrine does not, among other circumstances, require the plaintiff to deal with third parties if the plaintiff is under no contractual obligation to do so.  Grill v. Adams, 463 N.E.2d 896 (Ill. App. Ct. 1984) (purchasers of 70% interest in property not required to purchase remaining 30% held by third party in order to mitigate

5

damages for seller's failure to convey the 70% interest). In this case, Chicago Title is under no contractual obligation to cooperate with the other lot owners, who were not parties to the underlying transaction or dispute. Therefore, Chicago Title's refusal to participate in a joint sale does not constitute a failure to mitigate damages, and the circuit court did not err when it granted the MSJ in Chicago Title's favor.

B.      The Circuit Court's Denial of Mau's Motion for Reconsideration

Newly discovered evidence is a basis for reconsideration only if the evidence meets the following requirements: "(1) it must be previously undiscovered even though due diligence was exercised; (2) it must be admissible and credible; (3) it must be of such a material and controlling nature as will probably change the outcome and not merely cumulative or tending only to impeach or contradict a witness." Orso v. City & Cnty. of Honolulu, 56 Haw. 241, 250, 534 P.2d 489, 494 (1975). Because a movant must satisfy all three requirements, "even assuming, arguendo, the newly discovered evidence is material to the issue in question, a circuit court will deny a motion for a new trial when the movant has failed to demonstrate due diligence in the discovery of the evidence." Kawamata Farms, Inc. v. United Agri Products, 86 Hawai'i 214, 259, 948 P.2d 1055, 1100 (1997) (internal quotation marks and brackets omitted). See also Deponte v. Ulupalakua Ranch, Ltd., 49 Haw. 672, 673, 427 P.2d 94, 95 (1967) (cautioning against granting new trials "upon insufficient excuses for not procuring the evidence when the parties had their day in Court.").

Mau based his Motion for Reconsideration on "newly discovered" escrow files he had subpoenaed from Title Guaranty Escrow Services, Inc. (Title Guaranty) after the entry of the

summary judgment. The files indicated Title Guaranty had acted as the escrow agent both for Mau's February 2007 purchase of the Properties and for Mau's sale of the Properties to the Grantees. Mau argued Title Guaranty knew the Properties were unmarketable and uninsurable from the February 2007 transaction, and Title Guaranty's knowledge should have been imputed to Chicago Title.

After reviewing the record, however, we agree with the circuit court's conclusion that Mau's evidence did not constitute "newly discovered evidence." The evidence Mau submitted with his Motion for Reconsideration consisted primarily of escrow documents from Mau's purchase of the Properties. Thus, the documents may have been in Mau's possession since his purchase in 2007, a possibility Mau acknowledges in his briefs.

More importantly, all of the documents could have been obtained by discovery well in advance of the court's summary judgment ruling, and the record indicates Mau failed to exercise due diligence. Mau did not conduct any discovery before the circuit court's summary judgment ruling, and nothing in the record indicates Mau requested additional time for discovery. See Kaneohe Bay Cruises, Inc. v. Hirata, 75 Haw. 250, 269, 861 P.2d 1, 11 (1993) (affirming denial of motion for reconsideration where movant's failure to produce evidence prior to summary judgment ruling indicated lack of due diligence, especially considering that movant could have requested a continuance to conduct additional discovery before the court ruled).

Mau has offered no persuasive reason for waiting until after the ruling to subpoena the documents. Mau argues he had no reason to review the escrow documents until he sought indemnification for the judgment from his title insurance company. In his answer to the complaint, however, Mau asserted several defenses based on alleged misconduct, knowledge, or

negligence attributable to Chicago Title's agents. Thus, Mau had reason to review the escrow files as part of his due diligence. A cursory review of Mau's 2007 Deposit Receipt Offer and Acceptance contract alone would have revealed that Title Guaranty was the escrow agent for both transactions.

Moreover, Mau's argument fails to address the fact that the documents were readily accessible and could have been discovered before the hearing. It is well established that reconsideration is not a device for introducing new evidence that could and should have been presented during the earlier proceeding. Kamaka, 117 Hawai'i at 104, 176 P.3d at 103. Because Mau grounded his Motion for Reconsideration solely on evidence that could have been discovered and presented earlier by exercising due diligence, the circuit court did not abuse its discretion when it denied his motion.

C.        The Circuit Court's Award of Attorney's Fees and Costs

Mau contends the circuit court's award of attorney's fees and costs to Chicago Title was premature because the circuit court had not made a determination on two counts of Chicago Title's complaint. We disagree.

"[W]here a party prevails on the disputed main issue in a case, even though not to the extent of his original contention, he will be deemed to be the successful party for the purpose of taxing costs and attorney's fees." Fought & Co., Inc. v. Steel Eng'g and Erection, Inc., 87 Hawai'i 37, 52-53, 951 P.2d 487, 502-03 (1998) (quoting MFD Partners v. Murphy, 9 Haw. App. 509, 515, 850 P.2d 713, 716 (1992)) (internal citations, brackets, and quotation marks omitted). The court must first identify the principal issues raised by the pleadings and proof and then determine, on balance, which party prevailed on the issues. Id.

The principal issue raised by the pleadings and proof

8

was whether Mau breached the covenants in the deeds to the Grantees. The circuit court's disposition of the first and second counts resulted in a final and appealable determination of Mau's liability and granted Chicago Title rescission and restitution. On balance, therefore, Chicago Title was the prevailing party.

We also reject Mau's contention that the award was excessive. The record shows Chicago Title's attorneys specifically identified the hourly billing rate, qualifications, experience, hours spent, and work done by each attorney, law clerk, and paralegal who worked on the case. The award and amount of attorney's fees rests within the circuit court's discretion, and nothing in the record establishes that the court has "clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice." Chun, 106 Hawai'i at 431, 106 P.3d at 354. Therefore, the circuit court did not err in awarding attorney's fees and costs to Chicago Title.

D.        The Circuit Court's Award of Prejudgment Interest

"Pre-judgment interest may be awarded under HRS § 636-16[2] in the court's discretion when the issuance of judgment is greatly delayed for any reason." Cnty. of Haw. v. C & J Coupe Family Ltd. P'ship, 124 Hawai'i 281, 311, 242 P.3d 1136, 1166 (2010) (internal quotation marks omitted). We conclude the circuit court abused its discretion when it awarded prejudgment interest because at the trial level, Chicago Title failed to

---

[2]      HRS § 636-16 states:

> In awarding interest in civil cases, the judge is authorized
> to designate the commencement date to conform with the
> circumstances of each case, provided that the earliest
> commencement date in cases arising in tort, may be the date
> when the injury first occurred and in cases arising by
> breach of contract, it may be the date when the breach first
> occurred.

9

assert any lengthy delay in the issuance of the judgment. In its December 12, 2011 motion for prejudgment interest and supporting memorandum, Chicago Title argued only that "[u]pon rescission, a grantee is entitled to damages plus interest. . . . Prejudgment interest is appropriate because Defendant has had free use of the $670,000.00 paid to him for the 'lots' while Plaintiff has been unable to use the property promised to it by Defendant."[3] Moreover, the transcript from the circuit court's grant of Chicago Title's motion at the hearing and the order it entered do not indicate the court considered or made any determination regarding whether the judgment was substantially delayed.

Contrary to Chicago Title's contention, HRS § 636-16 does not vest the circuit court with discretion to award prejudgment interest "for any number of reasons." Rather, the purpose of the statute is "to correct injustice <u>when a judgment is delayed for a long period of time</u>," and the Hawaiʻi Supreme Court has held that a plaintiff is not entitled to prejudgment interest in the absence of any assertion by the plaintiff that there had been any lengthy delay in the issuance of judgment. <u>C & J Coupe</u>, 124 Hawaiʻi at 311-12, 242 P.3d at 1166-67. Therefore, we reverse the circuit court's award of prejudgment interest.

## IV. CONCLUSION

We affirm in part and reverse in part the March 2, 2012 "Final Judgment In Favor of Plaintiff Ticor Title Insurance Company, Now Known As Chicago Title Insurance Company And Against Bruce K. H. Mau, Trustee Under That Certain Unrecorded Revocable

---

[3] The only mention of delay that Chicago Title raised at the trial level was in its reply memorandum in support of its motion for interest. Mau's opposition to the motion argued there had been no delay in the issuance of the judgment, and in its reply, Chicago Title asserted "Mau, not Plaintiff, has delayed judgment."

Trust Of Bruce K. H. Mau Dated February 21, 2007 Regarding Counts I And II Of The Complaint, Filed November 16, 2010," filed in the Circuit Court of the Second Circuit.

DATED:   Honolulu, Hawai'i, March 28, 2013.

On the briefs:

Gary G. Grimmer
(on the opening and reply briefs)
Ann C. Kemp
(on the reply brief)
(Gary G. Grimmer and Associates)
for Defendant-Appellant.

Jade Lynne Ching
Brandon M. Segal
(Alston Hunt Floyd and Ing)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge